OPINION
{¶ 1} On December 8, 2004, this court granted Michael Dalton's application, filed on his behalf by the Ohio Public Defender, to reopen his appeal to assert the ineffectiveness of his original appellate counsel in failing to advance as error the trial court's imposition of maximum sentences.
 {¶ 2} On December 17, 2004, we stated in a decision and entry that the Ohio Public Defender, if it wished, could also assert the ineffectiveness of original appellate counsel in not pursuing an issue raised in Dalton's November 30, 2004, pro se application for reconsideration, which we found to be untimely.
 {¶ 3} The Ohio Public Defender has not pursued this additional issue, presumably because it is not premised on ineffectiveness of original appellate counsel. For this same reason, we decline to consider Dalton's pro se "supplemental brief," filed February 15, 2005, in this reopened appeal. Furthermore, Dalton's brief is to the effect that we wrongly decided the issue original appellate counsel did raise on appeal: that his speedy trial rights were violated. This was the same contention that he advanced in his application for reconsideration. We declined to consider the application of reconsideration because it was untimely, and we will not consider the same issue in this reopened appeal, particularly where it is not premised on ineffectiveness of counsel.
 {¶ 4} Turning to the brief filed on Dalton's behalf by the Ohio Public Defender, two assignments of error are advanced:
 {¶ 5} "1. THE TRIAL COURT ERRED IN IMPOSING MR. DALTON'S SENTENCE, AS THE TRIAL COURT FAILED TO ARTICULATE THE REQUISITE FINDINGS AND REASONS TO SUPPORT ITS IMPOSITION OF MAXIMUM TERMS OF IMPRISONMENT.
 {¶ 6} "2. MR. DALTON WAS DEPRIVED OF HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL, IN CONTRAVENTION OF THE FOURTEENTH
AMENDMENT TO THE UNITED STATES CONSTITUTION, AND SECTION 16, ARTICLE I
OF THE OHIO CONSTITUTION, BASED ON HIS FORMER APPELLATE ATTORNEY'S PREJUDICIAL, DEFICIENT PERFORMANCE."
 {¶ 7} The State concedes the correctness of Dalton's first assignment, and it thus follows that the second assignment is also correct: original appellate counsel was deficient in not raising the maximum sentences issue and, had he done so, we would have vacated the sentence and remanded for resentencing.
 {¶ 8} Although the Ohio Public Defender suggests that the trial court, upon remand, cannot impose maximum sentences, no authority is offered in support of this suggestion and we are aware of none.
 {¶ 9} We will sustain the assignments of error, vacate the current sentence, and remand to the trial court for resentencing.
Grady, J. and Donovan, J., concur.